MADDOX, Justice
(concurring specially).
I concur in the opinion; however, I desire to express my views on whether the reputation evidence could be considered by the trial judge. I agree with the statement that the trial judge’s decree can be sustained without considering the evidence concerning “general reputation” given by police officers, and I suggest that, in Sarong Gals, the California court treated the question regarding reputation evidence, forthrightly and correctly:
“Appellants further argue that no evidence was presented to support the court’s finding that ‘[t]he common fame and general reputation of the “Sarong Gals” is that it is a place kept [,] conducted and maintained for the purpose of lewdness and the common fame and general reputation of the occupants thereof and frequenters thereto is that of lewd persons.’ Although no testimony was presented at the trial as to the common fame and reputation of the Sarong Gals, the trial court could infer from the series of affidavits of the officers relating the activities taking place at the Sarong Gals over a period of months that by common fame and reputation the Sarong Gals is a place maintained for the purpose of lewdness and the occupants and frequenters thereof are lewd persons. Such a showing, however, was not necessary to the judgment. The statute, by its terms, only requires that lewd acts occur on the premises. While the common fame and reputation of the premises may be circumstantial evidence that such acts have occurred, such a showing is not necessary where, as here, numerous specific acts have been documented.”
Ellwest’s contention that the conduct described in the majority opinion constitutes the exercise of a right of free speech is absurd. To equate the “free and robust exchange of ideas and political debate with commercial exploitation of obscene material demeans the grand conception of the First Amendment and its high purposes in the historic struggle for freedom.” Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).